OPINION
On July 5, 1995 defendant-appellant Lonis D. Lowe entered a plea of guilty to one count of Gross Sexual Imposition and one count of Corruption of a Minor. That same date, defendant was remanded to the custody of the Department of Rehabilitation and Correction to serve concurrent terms of two to five years for the Gross Sexual Imposition charge and two years for Corruption charge.
On December 6, 1999, the Seneca County Court of Common Pleas adjudged defendant a sexual predator pursuant to Chapter 2950 of the Ohio Revised Code. Defendant now appeals that judgment and asserts two assignments of error.
 The evidence is insufficient, as a matter of law, to prove by clear and convincing evidence that the appellant is likely to engage in the future in one or more sexually oriented offenses.
 The trial court erred by classifying the appellant as a sexual predator where such a determination was barred by res judicata.
We will begin by addressing defendant's second assigned error, as it is dispositive of the case. Sexual offender classification proceedings were first commenced against this defendant on April 9, 1997. On May 1, 1997, defendant filed a motion to dismiss, arguing the sexual offender classification statute was an unconstitutional retroactive law. On July 17, 1997, the trial court overruled defendant's motion and set a date for hearing to determine defendant's sexual offender classification status. However, on August 7, 1997 this Court issued its decision in State v. Cook (August 1, 1997), Allen App. No. 1-97-21, unreported, 1997 WL 452014, in which we held that the sexual offender classification statute violated Ohio's Constitutional prohibition against retroactive laws. On November 18, 1997, the trial court issued an order reconsidering its prior judgment, and granted defendant's motion to dismiss on the authority of this Court's decision inCook. The State did not appeal this decision. Subsequently, the Ohio Supreme Court reversed this Court's Cook decision, based in part on the rationale that sexual offender classification proceedings are essentially nonpunitive and civil in nature. See State v. Cook (1998), 83 Ohio St.3d 404,414-23.
On July 6, 1999, the trial court entered a new order determining that "a sexual predator hearing is required for the defendant," and on December 6, 1999 the trial court adjudged the defendant to be a sexual predator. Accordingly, because the Supreme Court has treated sexual offender classification as a civil proceeding, see id., defendant contends that the State's failure to appeal the trial court's judgment entry of dismissal dated November 18, 1997 precludes the trial court from subsequently adjudging the defendant to be a sexual predator based upon the doctrine of res judicata.
We have previously addressed this identical issue in State v.Dick (March 31, 2000), Seneca App. No. 13-99-51, unreported. Based on the authority of that case, we now hold that the trial court's November 18, 1997 order was a valid, final judgment on the merits of defendant's sexual offender status, and that the sexual offender classification proceedings commenced on July 6, 1999 were barred by the doctrine of res judicata. See id. at *9-10. We therefore sustain defendant's second assignment of error, and overrule defendant's first assigned error as moot pursuant to App.R. 12(A)(1)(c). The judgment of the Court of Common Pleas of Seneca County is reversed and remanded with instructions to vacate its' December 6, 1999 judgment and to dismiss the instant case.
 ________________________ SHAW, J.
HADLEY, P.J., and BRYANT, J., concur.